```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DONALD ST. CLAIR,<br>     Plaintiff,<br><br>     v.<br><br>PINA WERTZBERGER, ESQ.,<br>MICHAEL J. MILSTEAD, ESQ.,<br>and NELSON DIAZ, ESQ.,<br>     Defendants. | CIVIL NO. 08-5753(NLH)(JS)<br><br>OPINION |

**APPEARANCES**:

Donald St. Clair
379 Barton Run Blvd.
Marlton, NJ 08053

    Appearing pro se

Nelson Diaz, Esquire
Milstead & Associates, LLC
Wooland Falls Corporate Park
220 Lake Drive East, Ste 301
Cherry Hill, NJ 08002

    On behalf of defendants

**HILLMAN**, District Judge

    This matter has come before the Court on defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and plaintiff's motion for an extension of time to respond to defendants' motion.  For the reasons expressed below, defendant's motion will be granted, and plaintiff's motion will be denied as moot.

**BACKGROUND**

    Plaintiff, Donald St. Clair, proceeding pro se, claims that the defendant attorneys, Pina Wertzberger, Michael J. Milstead, and

Nelson Diaz, violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., in their prosecution of the foreclosure of plaintiff's home in New Jersey state court.  On April 20, 2007, defendants, on behalf of HSBC BANK USA, instituted a foreclosure action in the Chancery Division, Burlington County, against plaintiff regarding default of his obligations under a mortgaged executed on May 9, 2006.  Plaintiff was served with a summons and complaint on May 21, 2007, and informed that he had thirty-five days to file an answer.  Attached to the complaint was a notice pursuant to the FDCPA, 15 U.S.C. § 1692(g), which contained a validation of the debt, including the amount of the debt, the name of the creditor to whom the debt is owed, and a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.[1]

Plaintiff failed to answer the foreclosure complaint, and an order entering default was filed on June 13, 2008.  On June 18,

---

[1] The provision also requires "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."  15 U.S.C. § 1692(g).

2008 a "Notice of Entry of Final Judgment" was sent to plaintiff by defendants as required by the New Jersey Fair Foreclosure Act, N.J.S.A. 2A:50-53.  On August 11, 2008, plaintiff filed a motion to set aside the judgment of foreclosure.  After oral argument on October 9, 2008, plaintiff's motion was denied.  Plaintiff filed a motion for reconsideration on November 2, 2008, which was also denied.

On November 20, 2008, plaintiff filed this action.  Plaintiff claims that defendants violated the FDCPA by pursuing the foreclosure action despite plaintiff, pursuant to 15 U.S.C. § 1692(g), sending defendants a letter disputing the validity of the debt within thirty days of receiving the FDCPA notice from defendants.  Defendants have moved to dismiss plaintiff's complaint for failure to state a claim, as well as pursuant to the Rooker-Feldman doctrine.  Plaintiff has opposed defendants' motion.[2]

### DISCUSSION

**A.   Jurisdiction**

This Court has jurisdiction over plaintiff's claims under 28 U.S.C. § 1331.

**B.   Analysis**

Plaintiff's claims are not barred by the Rooker-Feldman abstention doctrine at this time, as advocated by defendants.  The

---

[2] During the pendency of plaintiff's motion for an extension of time to file an opposition to defendant's motion, plaintiff filed his opposition.  Even though defendant opposed plaintiff's request, the Court will consider plaintiff's opposition.

Rooker-Feldman abstention doctrine bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment.  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); FOCUS v. Allegheny County Ct. of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996); see Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 291-92 (2005) (explaining that in the Rooker and Feldman cases, plaintiffs in both cases, alleging federal-question jurisdiction, called upon the district court to overturn an injurious state-court judgment, but because § 1257, as long interpreted, vests authority to review a state court's judgment solely in the Supreme Court, the District Courts in Rooker and Feldman lacked subject-matter jurisdiction).

In this case, plaintiff claims that defendants violated the FDCPA when it filed the foreclosure action against him despite the fact that plaintiff mailed defendants a letter challenging the debt in compliance with 15 U.S.C. § 1692(g), which allows a consumer to notify the debt collector in writing within the thirty-day period that the debt is disputed.  Plaintiff also argues that the resulting default judgment is invalid because of his objection letter.

In the state court foreclosure action, plaintiff made the same argument as a basis to vacate the default judgment of foreclosure against him.  (See Pl.'s Ex. 8 to Complaint, Letter Brief in

4

Support of Motion to Vacate Default Judgment.)  The state court judge rejected plaintiff's claim twice--first with regard to plaintiff's motion to vacate, and again with regard to plaintiff's motion for reconsideration of the denial of his motion to vacate. (See Pl.'s Exs. 4 and 5 to Reply Brief, Docket No. 10.)  The state judge explained in his Opinion denying plaintiff's motion for reconsideration,

> [St. Clair's] response alleged that [HSBC attorneys were] not allowed to proceed with any collection activity after being served with a response within the authority of the Fair Debt Collection Practices Act, that [St. Clair] was not obligated to answer [HSBC's] Complaint, and that an Answer was not required until [HSBC] responded to [St. Clair's] written objection to the debt.  The Court held that [St. Clair's] arguments did not constitute meritorious defenses to the Motion to Vacate, failed to support his contention that the contested default judgment was void, and merely raised a new argument as to why an Answer was not required in the original matter.

(Pl.'s Ex. 5 to Reply Brief, Docket No. 10.)  Thus, the state judge rejected plaintiff's contention that his objection letter relieved him of the default judgment, which was entered because plaintiff failed to appear on his belief that the letter absolved him of that obligation.

The state court judge ultimately denied plaintiff's motion to vacate default, however, not on the basis of whether the HSBC attorneys violated the FDCPA by instituting the action, but rather on the basis that his motion to vacate was premature because final judgment had not yet been entered.  Therefore, the judge's decision with regard to plaintiff's FDCPA argument does not technically fall

5

into the province of the Rooker-Feldman doctrine.  Furthermore, because there has not been a final judgment in the foreclosure action, and conceivably plaintiff still has the ability to challenge and/or cure the default, see N.J.S.A. 2A:50-57, plaintiff's complaint here is not effectively an appeal of a state court judgment.

Despite the inapplicability of the Rooker-Feldman doctrine at this time, the Court is required to abstain from hearing plaintiff's case pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).  See Exxon Mobil Corp., 544 U.S. at 292 (citing Colorado River and stating that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.  Comity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation").  Under Colorado River, federal district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."  Colorado River, 424 U.S. at 817.  Federal district courts, however, may abstain from hearing cases and controversies under "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."  Id. at 813 (internal quotations omitted).  One category of cases where abstention might be proper is out of respect for "considerations of [wise] judicial

6

administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. at 817.

The threshold issue that must be decided in a Colorado River abstention case is whether the two actions are "parallel." Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997). "[P]arallel cases involve the same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues.'" IFC Interconsult, AG v. Safeguard Intern. Partners, LLC., 438 F.3d 298, 306 (3d Cir. 2006) (citations and quotations omitted). Other considerations are: (1) which court first assumed jurisdiction over a relevant *res*, if any; (2) whether the federal court is inconvenient; (3) whether abstention would aid in avoiding piecemeal litigation; (4) which court first obtained jurisdiction; (5) whether federal or state law applies; and (6) whether the state action is sufficient to protect the federal plaintiff's rights. Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883, 890 (3d Cir. 1997).

Here, the Court must abstain from deciding plaintiff's claims. If the Court were to find that defendants violated the FDCPA by improperly instituting the state foreclosure action, such a finding would be an impermissible direct contradiction of the final judgment of foreclosure, if it is entered. Moreover, a federal court ruling that defendants should not have filed the foreclosure action because of plaintiff's objection letter, and a contemporaneous state court judgment allowing the foreclosure would

7

throw into turmoil the parties' rights and obligations over plaintiff's home and mortgage, as well as the comity between courts.  It would also effectively constitute an injunction enjoining the state court from ordering a foreclosure sale, which is prohibited by the Anti-Injunction Act.  28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988) (citation and quotations omitted) (stating that the purpose of the Act is to forestal "the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court").

     Accordingly, because (1) the state court first obtained jurisdiction, (2) the state court has jurisdiction over the *res*, plaintiff's home, which is located in New Jersey, (3) the foreclosure action is parallel to this case, (4) the foreclosure action has not yet come to final judgment, (5) plaintiff's rights and claims may still be vindicated in the foreclosure action or through the state appellate process,[3] and (6) a ruling in this court on plaintiff's claims would unnecessarily cause havoc with the rulings of the state court, this Court must abstain from

---

[3]Plaintiff states that he "will pursue defenses still very much available to him in the parallel state action."  (Pl. Op. at 5, ¶ 13.)

8

hearing plaintiff's case and must dismiss it without prejudice. Plaintiff may refile his claims in this Court once his state court action has reached a final resolution, if appropriate.[4]

    An appropriate Order will be entered.

Date: June 26, 2009                    s/ Noel L. Hillman

At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

---

[4]The Court notes that res judicata principles may then be implicated. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 292 (2005) ("Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.").