```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DONALD ST. CLAIR,<br>    Plaintiff,<br><br>    v.<br><br>PINA WERTZBERGER, ESQ.,<br>MICHAEL J. MILSTEAD, ESQ.,<br>and NELSON DIAZ, ESQ.,<br>    Defendants. | CIVIL NO. 08-5753(NLH)(JS)<br><br>OPINION |

**APPEARANCES:**

Donald St. Clair
379 Barton Run Blvd.
Marlton, NJ 08053

    Appearing pro se

Nelson Diaz, Esquire
Milstead & Associates, LLC
Wooland Falls Corporate Park
220 Lake Drive East, Ste 301
Cherry Hill, NJ 08002

    On behalf of defendants

**HILLMAN**, District Judge

This matter has come before the Court on plaintiff's motion to vacate the Court's June 26, 2009 Opinion and Order granting defendants' motion to dismiss plaintiff's complaint. Plaintiff, Donald St. Clair, proceeding pro se, claimed that the defendant attorneys violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., in their prosecution of the foreclosure of plaintiff's home in New Jersey state court. Plaintiff claimed that defendants violated the FDCPA by pursuing the foreclosure action despite plaintiff, pursuant to 15 U.S.C. § 1692(g), sending

defendants a letter disputing the validity of the debt within thirty days of receiving the FDCPA notice from defendants.

The Court dismissed plaintiff's complaint on the basis that the Court was required to abstain from hearing plaintiff's case pursuant to <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976).  The Court found that because (1) the state court first obtained jurisdiction, (2) the state court has jurisdiction over the *res*, plaintiff's home, which is located in New Jersey, (3) the foreclosure action is parallel to this case, (4) the foreclosure action has not yet come to final judgment, (5) plaintiff's rights and claims may still be vindicated in the foreclosure action or through the state appellate process, and (6) a ruling in this court on plaintiff's claims would unnecessarily cause havoc with the rulings of the state court, this Court was required to abstain from hearing plaintiff's case and dismiss it without prejudice.  The Court also stated that plaintiff may refile his claims in this Court once his state court action has reached a final resolution, if appropriate.

Plaintiff seeks to vacate the Court's findings pursuant to Federal Civil Procedure Rule 60(b).  Rule 60(b) provides,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is

>    void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

This Rule "does not particularize the factors that justify relief," but the Supreme Court has "previously noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' Klapprott v. United States, 335 U.S. 601, 614-615 (1949), while also cautioning that it should only be applied in 'extraordinary circumstances,' Ackermann v. United States, 340 U.S. 193 (1950)." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-864 (1988); see also U.S. v. Tuerk, 317 Fed. Appx. 251, 253 (3d Cir. 2009) (quoting Mayberry v. Maroney, 529 F.2d 332, 336 (3d Cir. 1976)) (stating that "relief under Rule 60(b) is 'extraordinary,' and 'may only be invoked upon a showing of exceptional circumstances'").

In plaintiff's motion to vacate, it appears that plaintiff disagrees with the Court's reasoning for exercising its discretion to abstain from hearing plaintiff's case while the foreclosure action is still pending. Plaintiff, however, does not demonstrate any of the Rule 60(b) factors, and he does not show why he should be entitled to the extraordinary relief provided by the Rule.[1]

---

[1] One argument advanced by plaintiff is that the Court should have afforded him the opportunity to "re-plead" his case because he is pro se. Except in civil rights cases, a court is not obligated to afford a plaintiff--pro se or otherwise--the

3

Accordingly, plaintiff's motion to vacate the Court's Opinion and Order dismissing his complaint must be denied.

An appropriate Order will be entered.


Date: August 12, 2009                                    s/ Noel L. Hillman

At Camden, New Jersey                          NOEL L. HILLMAN, U.S.D.J.

---

opportunity to amend his complaint, either *sua sponte* or following the dismissal of the complaint pursuant to a motion to dismiss. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). The Third Circuit has held that "a motion to dismiss is not a responsive pleading and that Rule 15(a), therefore, allows one amendment as a matter of right up to the point at which the district court grants the motion to dismiss and enters final judgment." Id. at 252 (citation omitted). Thus, instead of allowing a plaintiff leave to amend while determining whether to dismiss a complaint, "[a]fter judgment dismissing the complaint is entered, a party may seek to amend the complaint (and thereby disturb the judgment) only through Federal Rules of Civil Procedure 59(e) and 60(b)." Id. By plaintiff's instant motion, it appears that he is proceeding in accordance with the guidance from the Third Circuit. Plaintiff, however, has not provided an amended complaint or any other explanation of how he could amend his claims such that the Court's abstention would not continue to be warranted. The Court also notes that even though pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 107 (1976), pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113(1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel....").